**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1994-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEVIN L. MARTIN,

     Defendant-Appellant.

_____

Submitted March 11, 2024 – Decided April 5, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 91-12-5048.

Kevin Martin, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant Kevin Martin appeals from the October 19, 2022 order of the

Law Division denying his motion to correct an illegal sentence. We affirm.

# I.

In 1992, a grand jury indicted defendant, charging him with: (1) second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1 (count one); (2) first-degree robbery of Yamileth Virk, Harbans Virk, Tarun Desai and Sanjay Kothari, N.J.S.A. 2C:15-1 (counts two, three, eleven and fourteen); (3) third-degree theft by receiving movable property (a stolen car), N.J.S.A. 2C:20-7 (count four); (4) third-degree unlawful possession of handguns without a permit, N.J.S.A. 2C:39-5(b) (counts five and seven); (5) second-degree possession of handguns and a shotgun with a purpose to use them unlawfully against the person of another, N.J.S.A. 2C:39-4(a) (counts six, eight and ten); (6) third-degree possession of a shotgun without a firearms purchaser identification card, N.J.S.A. 2C:39-5(c)(1) (count nine); (7) first-degree attempted murder of Eric Steele and Sanjay Kothari, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (counts fifteen and sixteen); (8) felony murder of Otis Thrasher, N.J.S.A. 2C:11-3(a)(3) (count seventeen); and (9) purposeful and knowing murder of Otis Thrasher, N.J.S.A. 2C:11-3(a)(1) and (2) (count eighteen).[1]

---

[1] The indictment charged defendant with an additional eleven counts which were severed prior to trial.

A-1994-22

The charges arose from defendant's participation with others in two armed robberies of open businesses in Essex County on the same day. During the robberies, defendant and his co-conspirators murdered Thrasher, a security guard, by shooting him in the abdomen, repeatedly shot other victims, some of whom were forced to lay on the floor at gunpoint, and stole money and other items. Defendant and the others used a stolen car in the commission of the robberies. At the time of the crimes, defendant was eighteen.

A jury convicted defendant of second-degree conspiracy to commit robbery (count one), four counts of first-degree robbery (counts two, three, eleven and fourteen), receiving stolen property (count four), the six weapons offenses (counts five, six, seven, eight, nine and ten), attempted murder of Kothari (count sixteen), and felony murder and murder of Thrasher (counts seventeen and eighteen). The jury found defendant not guilty of attempted murder of Steele, but convicted him of the lesser included offense of second-degree aggravated assault of Steele (count fifteen).

On August 6, 1992, the trial court sentenced defendant. The court merged defendant's conspiracy to commit robbery conviction (count one) into his robbery convictions (counts two, three, eleven and fourteen) and two of his weapon convictions (counts six and eight) into his aggravated assault and

attempted murder convictions (counts fifteen and sixteen). In addition, the court merged one of defendant's weapon convictions (count ten), two of his robbery convictions (counts eleven and fourteen), and his purposeful and knowing murder conviction (count eighteen) into his felony murder conviction (count seventeen).

With respect to the first robbery, the court sentenced defendant to a thirty-year period of incarceration during which he is ineligible for parole, for his felony murder conviction (count seventeen) and imposed a consecutive eighteen-year term of incarceration, with a six-year period of parole ineligibility for the robbery of Yamileth Virk (count two). A concurrent eighteen-year conviction with a six-year period of parole ineligibility was imposed for the robbery of Harbans Virk (count three), along with four concurrent five-year terms of incarceration for receiving stolen property (count four) and three weapon offenses (counts five, seven and nine).

With respect to the second robbery, the court imposed a consecutive nine-year period of incarceration, with a three-year period of parole ineligibility for the aggravated assault of Steele (count fifteen) and a concurrent eighteen-year term with a seven-year period of parole ineligibility for attempted murder of

4

Kothari (count sixteen). The sentences resulted in an aggregate fifty-seven-year term of incarceration, with a thirty-nine-year period of parole ineligibility.

We affirmed defendant's convictions and sentence on direct appeal. State v. Martin, A-0995-92 (App. Div. Nov. 10, 1994). In addition to other arguments we found unpersuasive, we rejected defendant's argument that the trial court

> abused its discretion by making his sentence on the conviction of . . . second-degree aggravated assault of Eric Steele (lesser included offense of count fifteen) consecutive to the sentence imposed on his conviction of first-degree felony murder of Otis Thrasher (count seventeen). Defendant maintains that the consecutive nature of the sentences was excessive in view of the fact that the crimes and their objectives were not predominantly independent of each other.
>
> [(Slip op. at 34).]

Citing State v. Yarbough, 100 N.J. 627 (1985), we held that defendant's consecutive sentences were appropriate, given that the two robberies were separate acts that took place hours apart and the shooting of multiple victims at one of the robberies were separate acts of violence with multiple victims. (Slip op. at 38-40). The Supreme Court denied certification. State v. Martin, 141 N.J. 94 (1995).

In 1999, defendant filed a petition for post-conviction relief, alleging ineffective assistance of trial counsel. The trial court denied the petition. We

A-1994-22

affirmed. State v. Martin, No. A-2513-99 (App. Div. Nov. 19, 2001). The Supreme Court denied certification. State v. Martin, 172 N.J. 358 (2002).[2]

On December 20, 2021, defendant filed a motion in the Law Division to correct an illegal sentence. In support of his motion, defendant submitted a certification in which he stated that he should not have received an aggregate thirty-nine-year period of parole ineligibility, but an aggregate thirty-six-year period of parole ineligibility. Defendant certified that "[u]pon reviewing sentencing transcripts, it is clear the sentencing [c]ourt erred in the accumulation of the overall sentence and the mandatory minimum portion of the sentence for count[s] 15 to 17." In addition, defendant argued that the court should have merged the aggravated assault of Steele (count fifteen) with the four robbery convictions (counts two, three, eleven and fourteen) because the court failed to find aggravating factors justifying a consecutive sentence for count fifteen.

In a supplemental certification, defendant argued that "based on new law 2021 (sic) his age must be taken into account as a factor to deter a consecutive sentence." A review of defendant's brief reveals that the supplemental certification refers to defendant's argument that he is entitled to be resentenced

---

[2] Defendant's petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 was dismissed as untimely by the United States District Court. Martin v. Hendricks, No. Civ. A. 03-5885 (WHW) (June 21, 2006).

at a hearing that considers his age at the time of his crimes by virtue of the holding in State v. Torres, 246 N.J. 246, 273 (2021).

On October 19, 2022, the trial court issued an order denying defendant's motion. The court concluded that "the motion to correct a sentence [is] not authorized by law pursuant to [R.] 3:21-10(b)(5)."

This appeal followed. Defendant raises the following arguments.

> POINT I
>
> DEFENDANT RECEIVED AN ILLEGAL SENTENCE VIA [(SIC)] OF AN ADDITIONAL CONSECUTIVE THREE[-]YEAR MANDATORY MINIMUM THAT IS NOT AUTHORIZED BY THE CODE OF CRIMINAL JUSTICE PURSUANT TO R. 3:21-10(b)(5).
>
> POINT II
>
> DUE TO ESTABLISHED PRECEDENT AND NEW LAW DEFENDANT SHOULD RECEIVE A HEARING FOR THE APPLICATION OF THE YARBOUGH FACTORS FOR AN ILLEGAL SENTENCE VIA THE IMPOSITION OF AN ADDITIONAL CONSECUTIVE THREE[-]YEAR MANDATORY MINIMUM THAT IS NOT AUTHORIZED BY THE CODE OF CRIMINAL JUSTICE PURSUANT TO R. 3:21-10(b)(5).
>
> POINT III
>
> THE STATE MAY ARGUE COLLATERAL ESTOPPEL, BUT THE SENTENCING COURT NEVER APPLIED THE YARBOUGH FACTORS TO

A-1994-22

THE FIRST CONSECUTIVE SENTENCE NOR THE SECOND CONSECUTIVE SENTENCE[.] [NEITHER] TRIAL COUNSEL NOR APPELLATE COUNSEL SOUGHT THE APPLICATION OF THE FACTORS WHICH REMAINS [(SIC)] BOTH DEFENDANT[']S CONSECUTIVE SENTENCES ARE ILLEGAL.

II.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "include a legislatively mandated term of parole ineligibility." Ibid. We review de novo the trial court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

Having carefully reviewed the record in light of these principles, we agree with the trial court's conclusion that defendant offers no cogent argument that the sentence imposed on him was illegal. Defendant primarily reiterates arguments raised in his direct appeal with respect to the trial court's imposition

A-1994-22

of consecutive sentences. We rejected those arguments. Our decision in the direct appeal precludes his argument that his sentence is illegal because the sentencing court misapplied the holding in Yarbough, 100 N.J. at 630. That issue has been adjudicated and thoroughly addressed by this court and is, therefore, not an appropriate basis for a motion to correct an illegal sentence. See State v. Trantino, 60 N.J. 176, 180 (1972) (A prior adjudication on the merits of an issue on direct appeal is conclusive and cannot be relitigated, even if of constitutional dimension). As we previously held, the trial court's imposition of consecutive sentences for the independent robberies, which resulted in the murder of one man, and the shooting of multiple other victims, was appropriate and imposed after the trial court's careful consideration of the record and the law addressing sentencing.

We are also not persuaded by defendant's argument that he is entitled to a resentencing hearing pursuant to Torres. In Torres, issued nearly thirty years after defendant was sentenced, the Court explained its intention "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors it set forth in Yarbough. 246 N.J. at 252-53. The Court stated,

> [w]e reiterate the repeated instruction that a sentencing
> court's decision whether to impose consecutive

sentences should retain focus on "the fairness of the overall sentence." [State v.] Miller, 108 N.J. [112,] 122 [(1987)]; see also State v. Abdullah, 184 N.J. 497, 515 (2005). Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis." [State v.] Cuff, 239 N.J. [321,] 352 [(2019)].

[Id. at 270.]

The Court in Torres did not announce a new rule. It renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ." Ibid. Because the Court did not create a new rule of law, retroactivity is not applicable. State v. Feal, 194 N.J. 293, 307 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) (stating "retroactivity can arise only where there has been a departure from existing law.").

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1994-22